# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| KATINA McKENZIE-JACKSON,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C13-2074-LRR<br>No. CR11-2046-LRR<br><br>**ORDER** |

_____

    This matter appears before the court on Katina McKenzie-Jackson's ("the movant") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("motion") (civil docket no. 1). The movant filed the motion on October 28, 2013. On November 14, 2013, the court, among other things, directed the government to brief the claims that the movant included in the motion. *See* November 14, 2013 Order (civil docket no. 2). On November 25, 2013, the movant's counsel filed an Affidavit (civil docket no. 5). On January 10, 2014, the government filed a resistance to the motion (civil docket no. 6). The movant did not file a reply and the time to do so has passed. The court now turns to consider the movant's motion.[1]

    A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether

___

[1] In the motion, the movant alleges that the court should vacate her sentence because counsel provided ineffective assistance when he: (1) failed to investigate and provide a defense for the movant; (2) failed to object to certain portions of the Presentence Investigation Report ("PSIR"); (3) improperly pressured the movant to plead guilty and cooperate with the government; (4) failed to explain the judicial process, the consequences of a guilty plea and the appeals process to the movant; and (5) encouraged the movant to plead guilty to an inaccurate drug quantity.

the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, the court can dismiss a 28 U.S.C. § 2255 motion without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *accord Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court concludes that it is able to resolve the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding that "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record" and, therefore, the court "was not required to hold an evidentiary hearing" (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674 (1980))). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, it indicates that the movant's assertions fail because counsel represented the movant in a manner that comports with the requirements of the Sixth Amendment. As such, the court finds that there is no need for an evidentiary hearing.

With respect to the merits of the movant's claims, the court deems it appropriate to deny the motion for the reasons stated in the government's resistance. The government's brief adequately sets forth the law that is applicable to the facts in the movant's case. Specifically, the government correctly concluded that the movant's ineffective assistance of counsel claims are without merit.

Moreover, the court thoroughly reviewed the record and finds that the denial of the motion comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). The movant's claims do not justify relief.

The court concludes that the movant knowingly and voluntarily pled guilty pursuant to an agreement that she and the government entered into in May 2012. *See Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) ("[A] valid guilty plea forecloses an attack on a conviction unless 'on the face of the record the court had no power to enter the conviction or impose the sentence.'" (quoting *United States v. Vaughan*, 13 F.3d 1186, 1188 (8th Cir. 1994))); *United States v. Jennings*, 12 F.3d 836, 839 (8th Cir. 1994) (a voluntary and unconditional guilty plea waives all defects except those related to jurisdiction); *see also United States v. Seay*, 620 F.3d 919, 921-23 (8th Cir. 2010) (making clear that a challenge based on a court's statutory or constitutional power to adjudicate a case survives a defendant's guilty plea). Further, the court appropriately sentenced the movant. The court's application of the advisory sentencing guidelines violates no constitutional right. *See United States v. Villareal-Amarillas*, 562 F.3d 892, 898 (8th Cir.

2009) (observing that a sentencing judge is only constrained by the statutory maximum and minimum for an offense and the factors included in 18 U.S.C. § 3553(a)); *United States v. Garcia-Gonon*, 433 F.3d 587, 593 (8th Cir. 2006) (finding challenges based on the Fifth Amendment and the Sixth Amendment to be unavailing because sentence-enhancing facts need only be found by a preponderance of the evidence and uncharged relevant conduct may be considered so long as the sentence does not exceed the statutory maximum for the offense).

In addition, the court concludes that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and counsel's performance did not prejudice the movant's defense, *id*. at 692-94. Thus, the movant has failed to establish an ineffective assistance of counsel claim. *See id*. at 687 (holding that, to establish an ineffective assistance of counsel claim, the movant must first "show that counsel's performance was deficient" and then "show that the deficient performance prejudiced the defense"); *see also United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) ("To establish ineffective assistance of counsel[, the movant] must demonstrate: (1) his [or her] attorney's performance was deficient . . . and (2) he [or she] suffered prejudice by showing that, absent counsel's ineffective assistance, there is a reasonable probability that the result of the proceeding would have been different.").

In the motion, the movant makes several specific claims to support her contention that the court should vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. First, the movant argues that she received ineffective assistance of counsel because counsel failed to: (1) provide her a defense; (2) investigate; and (3) interview witnesses. "Trial counsel's strategic decisions are 'virtually unchallengeable unless they are based on deficient investigation, in which case the 'presumption of sound trial strategy . . . founders on the rocks of ignorance.'" *Forsyth v. Ault*, 537 F.3d 887, 892 (8th Cir. 2008) (quoting *Link v. Lubbers*, 469 F.3d 1197, 1204 (8th Cir. 2006)). "One of trial counsel's strategic

4

decisions is that of 'reasonably deciding when to cut off further investigation.'" *Id.* (quoting *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir. 2006)). Counsel states that he met with the movant to review discovery materials on January 18, 2012, and again to discuss cooperation on January 23, 2012. *See* Affidavit at 2. The movant elected to cooperate with the government and proffered before pleading guilty. In light of this cooperation, the court granted the government's motion to reduce the movant's sentence for cooperation, resulting in a sentence below the statutory minimum. Therefore, the court finds that counsel's strategic decision to stop investigating a defense and not interview witnesses was reasonable and his performance was not deficient. Moreover, the movant fails to identify a defense that would have been successful had she gone to trial or any witnesses that counsel could have interviewed that would have provided exculpating evidence. The movant has not demonstrated that there is a reasonable probability that, but for counsel's allegedly deficient performance, she would not have pled guilty and instead would have gone to trial. *See Hill*, 474 U.S. at 59. Therefore, the movant has failed to show that she was prejudiced by any alleged deficiency and this claim is without merit.

Second, the movant argues that she received ineffective assistance of counsel because counsel failed to object to portions of the PSIR. The court notes, however, that counsel did file objections to the draft PSIR (criminal docket no. 205), which lists six specific objections to portions of the draft PSIR. As counsel states in his Affidavit, these objections "note those things that [the movant] advised [counsel] were wrong and that [the movant and counsel] attempted to have the probation officer correct." Affidavit at 5. Thus, the court finds that the movant has not shown that counsel's performance was deficient. In addition, the movant does not allege which specific portions of the PSIR were in fact incorrect or resulted in prejudice. Therefore, the movant has failed to show any prejudice due to counsel's alleged deficient performance. Accordingly, this claim is without merit.

Third, the movant argues that she received ineffective assistance of counsel because

counsel improperly pressured her to plead guilty and cooperate with the government. Essentially, the movant contends that counsel failed to provide her sufficient information, rendering her guilty plea involuntary. However, the record indicates that the movant understood the nature of and possible penalties of the offenses charged. *See* Report and Recommendation to Accept Guilty Plea (criminal docket no. 118) at 2-3; *see also* Plea Agreement (criminal docket no. 121) at 1-2. In addition, the record shows that the movant understood the terms of the Plea Agreement, understood the possible consequences of pleading guilty and voluntarily pled guilty. *See* Report and Recommendation to Accept Guilty Plea at 2-3; *see also* Plea Agreement at 16-17. The movant must satisfy the two-part *Strickland* test to successfully challenge the voluntariness of a guilty plea by alleging ineffective assistance of counsel. *Hill*, 474 U.S. at 56-57. The movant has failed to prove either deficient performance or prejudice. The movant has not shown that counsel's "advice [fell outside] the range of competence demanded of attorneys in criminal cases." *Id*. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970) (internal quotation marks omitted)). Notably, the movant received a sentence below the statutory minimum in light of her cooperation with the government. In addition, the movant has not established that there is a reasonable probability that, but for counsel's allegedly deficient performance, she would not have pled guilty but instead would have gone to trial. *See id*. at 59. Accordingly, this claim is without merit.

Fourth, the movant argues that she received ineffective assistance of counsel because counsel failed to explain the judicial process, the consequences of a guilty plea and the appeals process to the movant. The movant's assertion that she did not understand the consequences of a guilty plea and that counsel failed to explain such consequences to her is belied by the record. *See* Report and Recommendation to Accept Guilty Plea at 2 (indicating the movant's acknowledgment that she understood her right to proceed to trial and that she was giving up that right by pleading guilty); Plea Agreement at 16 (same). In

6

his Affidavit, counsel states that he discussed the plea process with the movant before she entered a guilty plea before Chief Magistrate Judge Jon S. Scoles. Affidavit at 4-5. With respect to the movant's right to appeal, counsel states that he discussed such right with her when she signed the paragraph in the Plea Agreement waiving her appeal rights and that, in light of the Plea Agreement, "except for rare exceptions, she would not be able to appeal her sentence." *Id.* at 4. Counsel further notes that "after [the movant] received a sentence that was three years below the statutory minimum, [he] advised her that [he] thought it would be a mistake to appeal even if she could." *Id.* The court finds that the movant has failed to show that counsel's performance was deficient with respect to this claim. The movant's decision to cooperate with the government resulted in a sentence below the statutory minimum. As the government points out, "[t]he only way [the movant] could have received such a sentence was by pleading guilty and cooperating with the government. There are simply not any appealable issues present in [the] movant's case." Resistance at 25. Moreover, the movant does not point out any specific issue that would have been successful on appeal and, thus, has failed to show prejudice because of this alleged deficiency. Accordingly, this claim is without merit.

Finally, the movant argues that she received ineffective assistance of counsel because counsel encouraged the movant to plead guilty to an inaccurate drug quantity. As discussed above, the movant must satisfy the two-part *Strickland* test for ineffective assistance of counsel to successfully challenge the voluntariness of a guilty plea by alleging ineffective assistance of counsel. *Hill*, 474 U.S. at 56-57. The movant has failed to prove either deficient performance or prejudice. In his Affidavit, counsel states that he went through the discovery in the case with the movant and explained how drug quantity works in a conspiracy case. Specifically, counsel advised the movant that "in a conspiracy case, the drug quantities that are found to be attributable to co-conspirators, if they are foreseeable, would be attributable to [the movant] also." Affidavit at 3. Counsel notes that he discussed

7

this concept with the movant more than once "and she did indicate she understood it at the time." *Id*. Thus, the movant has not demonstrated that counsel's performance was deficient. Further, the movant has not established that there is a reasonable probability that, but for counsel's allegedly deficient performance, the movant would not have pled guilty and instead would have gone to trial. Accordingly, the movant has not demonstrated that she was prejudiced as a result of any of counsel's alleged deficiencies and this claim is without merit.

In sum, the alleged errors that the movant asserts do not warrant relief under 28 U.S.C. § 2255. The movant's claims are without merit. Based on the foregoing, the court shall deny the movant's 28 U.S.C. § 2255 motion.

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(B). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000) (per curiam); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the movant must demonstrate that the issues are debatable among reasonable jurists, a court could resolve the issues differently or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that she raised in the motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because she does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, the court shall deny a certificate of appealability. If she desires further review of the motion, the movant may request issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

(1) The movant's 28 U.S.C. § 2255 motion (civil docket no. 1) is denied.

(2) A certificate of appealability is denied.

**DATED** this 30th day of July, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA